UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

MARGARET SZCZURKO,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARGARET SZCZURKO, by and through her undersigned attorneys, sues the Defendant, CELEBRITY CRUISES, INC., and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1333 as this is a claim arising under the admiralty laws of the United States.

## VENUE

2. Venue is proper in the Miami Division of the Southern District of Florida because:

    a) Defendant conducted and continues to conduct business within the Miami Division of the Southern District of Florida.

    b) The parties agreed pursuant to the cruise tour ticket to litigate this dispute in the Miami Division of the Southern District of Florida.

Complaint and Demand for Jury Trial

3. Plaintiff, MARGARET SZCZURKO, (hereinafter "SZCZURKO") is not in possession of a copy of the cruise tour contract, however, same is in the possession of the Defendant.

## PARTIES

4. Defendant, CELEBRITY CRUISES, INC., (hereinafter "CELEBRITY") is a foreign corporation with its principal place of business, and base of operation in Miami, Miami-Dade County, Florida and thus is a citizen of Florida.

5. Further, at all times material, CELEBRITY personally, or through an agent:

   a) operated, conducted, engaged in and/or carried on a business venture in Miami, Miami-Dade County, Florida;

   b) was engaged in substantial activity in this State; and/or;

   c) operated vessels in the waters of this State.

6. At all times material hereto Plaintiff, SZCZURKO, is a citizen of the State of Florida and a resident of Melbourne, Brevard County, Florida.

## FACTUAL ALLEGATIONS

7. At all times material hereto, CELEBRITY, was the owner, operator, manager and/or controlled the "Century," a cruise ship.

8. On February 16, 2014, Plaintiff, SZCZURKO, was a ticketed passenger lawfully aboard Defendant's vessel "Century."

9. Defendant, CELEBRITY, as operator of the "Century" owed a duty to its passenger, SZCZURKO, to exercise reasonable care under the circumstances.

Complaint and Demand for Jury Trial

10. On February 16, 2014, at approximately 6:30 p.m., SZCZURKO was seated in the "Century's" dining room.

11. While sitting having dinner, the chair provided to her by CELEBRITY broke and Plaintiff fell to the floor.

12. Defendant, CELEBRITY, owed a duty to SZCZURKO, to inspect and maintain its dining room chairs so as not to constitute an unsafe condition for its passengers, including, but not limited to the following duties:

   a) To inspect its dining room chairs so as to ascertain whether the chair was reasonably safe and fit to sit on;

   b) To maintain its chairs such that they were safe to sit in and free from any latent defect that would cause the chair to fall apart;

   c) To replace existing chairs on a regular basis to ensure that the chairs were fit and safe for passengers; and

   d) To warn Plaintiff that the chair was not reasonably safe to sit on.

13. Defendant, CELEBRITY, breached the above duties owed to Plaintiff, SZCZURKO, and was negligent as follows:

   a) Failing to inspect and maintain the dining room chairs so as to ensure that the chairs were reasonably safe and fit for the purpose for which they were intended;

   b) Failing to repair the chair upon which the Plaintiff sat before the Plaintiff was injured;

   c) Failing to take the chair the Plaintiff sat on out of service prior to the Plaintiff sitting on it;

Complaint and Demand for Jury Trial

      d)    Failing to purchase new chairs;

      e)    Failing to warn Plaintiff that the chair was not reasonably safe for the Plaintiff to sit on.

14.    CELEBRITY'S conduct created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

15.    The previously described conditions were known to CELEBRITY, or had existed for a sufficient period of time, such that CELEBRITY should have discovered the defective chair while exercising reasonable care.

16.    All conditions prior to the filing of this action have been satisfied by the Plaintiff, SZCZURKO. Immediately following SZCZURKO'S injuries, she was taken by CELEBRITY'S staff to the ship's infirmary and the ship's physician noted that she was seen in the medical center on February 16th at 7:41 p.m. due to a chair that collapsed and broke. In addition, SZCZURKO provided pre-suit notification to CELEBRITY in accordance with CELEBRITY'S cruise ticket contract.

17.    As a direct and proximate result of CELEBRITY'S negligence, Plaintiff, SZCZURKO, has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment. These losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MARGARET SZCZURKO, demands judgment be entered against the Defendant, CELEBRITY CRUISES, INC., for money damages, costs of suit, and such other relief as this Court may deem just and proper.

Complaint and Demand for Jury Trial

Dated this 13th day of February, 2015.

                                          **GROSSMAN ATTORNEYS AT LAW**
howard@grossmanattorneys.com
1098 NW Boca Raton Blvd.
Boca Raton, FL 33432
(561) 368-8048 – Telephone
(561) 391-1193 – Facsimile
Attorney for Plaintiff, Margaret Szczurko

By: /s/ Howard S. Grossman
     Howard S. Grossman
     Florida Bar Number: 454771

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of February, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ Howard S. Grossman
    HOWARD S. GROSSMAN